UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY MCDOWELL,<br><br>            Plaintiff,<br><br>    v.<br><br>R. RIVERA, et al.,<br><br>            Defendants. | CASE NO. 1:13-cv-01797-MJS<br><br>ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS DESIRE TO PROCEED ONLY ON HIS COGNIZABLE CLAIMS<br><br>(ECF NO. 1)<br><br>PLAINTIFF'S RESPONSE DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Jerry McDowell, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 6, 2013. (ECF No. 1.)  His complaint is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

1

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III. **SUMMARY OF COMPLAINT**

The Complaint identifies the following officials at Wasco State Prison (Wasco) as Defendants: (1) R. Rivera; (2) Acolla; (3) Sanchez; (4) Fernandez; (5) Guzman; (6) A. Sandoval, (7) Garza; and (8) H. Patel.

Plaintiff alleges the following:

On September 13, 2012, Plaintiff was involved in a confrontation with Defedant Sandoval and afterwards was cuffed and escorted to a program office at Wasco. "Defendant Sandoval told Plaintiff, 'you made me look bad out there in front of everyone, so now that you are cuffed-up, let's see how hard you really are.'"  (Compl. at 3.) Defendant Sandoval smashed Plaintiff's face against the wall and swung Plaintiff by his handcuffs onto the floor.  Plaintiff called to Defendant Garza for help, but he lauged and walked away.  Defendant Sandoval continued striking Plaintiff's legs and knees.

Plaintiff was put in a holding cage. Defendants Sandoval and Garza denied his requests for medical attention.  Plaintiff eventually lost consciousness.  He was left in the cage for more than ten hours.  (Id. at 4.)  Plaintiff was then taken to Administrative Segregation (Ad-Seg) where he told Defendnats Fernandez, Guzman, Sanchez, and

Acolla that he had been attacked by Defendant Sandavol and was in need of medical care. These Defendants denied Plaintiff's request. Plaintiff complained that the attack had aggravated preexisting medical conditions in his legs and that his medical chronos required him to be housed on a lower bunk in a ground floor cell. Defendant Acolla instructed the other Defendants to place Plaintiff in an isolated upstairs cell. Defendant Fernandez threatened to deploy his entire pepper spray bottle on Plaintiff's face if he refused to cooperate. (Id. at 5.)

On September 24, 2012 Plaintiff lost his balance trying to walk down a set of stairs and fell. Plaintiff lost consciousness and suffered injury throughout his body. He was treated by medical staff and returned to his cell. On September 27, 2012 Plaintiff underwent a prescheduled surgery for his preexisting leg condition. Plaintiff was prescribed a cane and knee brace, but when he returned to Ad-Seg Defendants Acolla and Fernandez confiscated the cane. Plaintiff was then put in a standing cage and left for eight hours. Afterwards Defendants Guzman and Sanchez dragged Plaintiff to the Doctor's office where he received a wheelchair. (Id. at 6.) The attending physician tried to dress Plaintiff's wound with fresh bandages, but Defendants Guzman and Sanchez would not allow it. The Defendants then removed the leg rests on the wheelchair and pushed Plaintiff, who was yelling as his legs dragged underneath the chair, back to his cell. (Id. at 7.)

Defendant Patel was Plaintiff's primary care provider during this period and he refused to treat the injuries Plaintiff received from falling down the stairs despite numerous medical care requests. Nurses Boat and Hernandez both told Plaintiff that Patel had said Plaintiff complained too much and submitted too many requests for medical treatment. (Id.) Defendant Patel also denied Plaintiff rehabilitative therapy prescribed by the surgeon. The lack of therapy forced Plaintiff to endure months of unnecessary pain and untimately led to his body healing improperly. (Id. at 8.)

Plaintiff filed inmate grievances requesting medical care and complaining of improper treatment. Defendants Acolla and Fernandez destroyed the greivances and

told Plaintiff they would not allow his grievances to be processed and that if he peristed "his time was going to go worst [sic] . . . ." (Id.)

## IV.     ANALYSIS

### A.     Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

As discussed below, this Court finds that Plaintiff has asserted several claims which, when analzed separately and taken as true (as they must be at this stage of the proceedings), each  contains sufficient facts and allegations that plausibly allege the elements of the constitutional wrong alleged. Accordingly, the Court intends to allow them to proceed. However, the Court notes that when each is read in light of the others, the overall plausibility diminishes with each successive claim:  it is difficult to imagine that one inmate has been subjected without cause to such a succession of maliciously motivated constitutional violations by such a succession of prison authorities. Plaintiff must realize that even a claim that survives screeningl must be supported and capable of being proven by admissible evidence and likely face many additional challenges after

4

screening. Thus, Plaintiff may be well advised to consider which claims he can support with competent independent evidence and proceed only on those he feels he can prove. Proceeding on all might jeopardize the credibility of all.

### B.     Linkage Requirement

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The Complaint names R. Rivera as a Defendant but fails to provide any factual allegations linking him to the violations alleged. Plaintiff asserts that Defendant Rivera is partly responsible for assigning him to an upper tier cell in violation of his Eighth Amendment rights. However, Plaintiff's factual allegations do not describe Defendant Rivera as a participant in that action.

Plaintiff can not state a cognizable claim against a defendants without setting forth specific facts as to the conduct of each that proximately caused a violation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). The mere fact that a

defendant may have supervised the individuals responsible for a violation is not enough. The Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has failed to link Defendant Rivera to the violations alleged. The Court will provide an opportunity to amend. In order to state a cognizable claim, Plaintiff needs to demonstrate that the Defendant personally took some action that violated Plaintiff's constitutional rights.

### C. Eighth Amendment

#### 1. Excessive Force

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, 559 U.S. 34, 130 S.Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with "the objective component being contextual and responsive to 'contemporary standards of decency.'" Hudson, 503 U.S. at 8 (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)). For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 7) (quotation marks omitted).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9-10) (quotations marks omitted). In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of

force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Thus, it is the use of force rather than the resulting injury which ultimately counts. Id. at 1178.

Plaintiff alleges that he was involved in a confrontation with Defendant Sandoval and afterwards was handcuffed and taken to an office. Defendant Sandoval then told Plaintiff, "'you made me look bad out there in front of everyone, so now that you are cuffed-up, let's see how hard you really are.'" (Compl. at 3.) He then smashed Plaintff's face against a wall, threw him to the floor, and beat his legs and knees, areas of Plaintiff's body where he suffered from a prexising medical condition.

Taking the circumstances alleged as true, Defendant Sandoval's use of force was wanton and unnecessary. Plaintiff had already been subdued and physically removed to another location. Under the circumstances alleged, Defendant Sandoval would be said to have acted maliciously to cause harm and not in a good-faith effort to maintain order or restore discipline. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted).

Plaintiff also alleges that during the attack he called out to Defendant Garza for help. Defendant Garza allegedly laughed at Plaintiff and walked away. The failure to intervene can support an excessive force claim where the bystander-officers had a realistic opportunity to intervene but failed to do so. Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003); Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). Defendant Garza allegedly

had an opportunity to intervene but failed to do so. Under the circumstances that is all Plaintiff needs to allege to state a claim.

### 2. Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff alleges that Defendants Sandoval, Garza, Fernandez, Guzman, Sanchez, and Acolla participated in numerous violations of his Eighth Amendment rights during the period beginning on September 13, 2012, when Sandoval beat Plaintiff in the program

8

1  office, through September 27, 2013, the day Plaintiff underwent surgery. The Complaint
2  describes a pattern of behavior in which each Defendant participated in acts designed to
3  torment and harm Plaintiff. In each case Plaintiff establishes the elements of an Eighth
4  Amendment claim. See Hope, 536 U.S. at 738 (Punitive treatment which amounts to
5  gratuitous infliction of wanton and unnecessary pain is prohibited by the Eighth
6  Amendment.).

7  Immediately after Defendant Sandoval's assault Plaintiff was placed in a holding
8  cage. Defendants Sandoval and Garza denied mulitple requests for medical aid and left
9  Plaintiff, who eventually lost consciousness, for more than ten hours. Plaintiff was next
10 taken to Ad-Seg where he told Defendants Fernandez, Guzman, Sanchez and Acolla
11 what had happened and that he needed medical care. The Defendants refused to help
12 Plaintiff.

13 These Defendants either personally inflicted the injury to Plaintiff, witnessed it, or
14 was told about it after the fact. Plaintiff was entitled to medical care and personal safety.
15 The Complaint adequately alleges that Defendants Sandoval, Garza, Fernandez,
16 Guzman, Sanchez, and Acolla were deliberately indifferent to a substantial risk of harm
17 to Plaintiff in violation of his Eighth Amendment rights. Farmer, 511 U.S. at 847.

18 The Defendant officers in Ad-Seg - Fernandez, Guzman, Sanchez, and Acolla –
19 also forced Plaintiff into an upper tier cell. Plaintiff told these Defendants that Sandoval's
20 attack aggravated a preexisting leg condition, that he could not walk, and that he had
21 medical chronos limiting him to ground floor cells and lower bunks. These Defendants
22 ignored the risk of harm and forced Plaintiff up the stairs, from which he later fell and
23 suffered further injury, in violation of the Eighth Amendment. Id.

24 Plaintiff underwent surgery and was prescribed a cane. When he returned to Ad-
25 Seg Defendants Acolla and Fernandez confiscated the cane and confined Plaintiff in a
26 standing cage for eight hours. Again, taking Plaintiff's allegations as true, Defendants
27 Acolla and Fernandez knowingly disregarded Plaintiff's serious medical need in violation
28 of the Eighth Amendment. Id.

Defendants Guzman and Sanchez then dragged Plaintiff to the Doctor's office to replace the cane with a wheelchair. The Defendants refused to allow a doctor to redress Plaintiff's wound and then they removed the feet support on the wheelchair so that Plaintiff's legs would drag on the floor. The Defendants ignored Plaintiff yelling out in pain and acted intentionally to cause pain in violation of Plaintiff's Eighth Amendment rights. Id.

### 3. Inadequate Medical Care

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show [1] a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).

The Complaint alleges that Defendant Patel, Plaintiff's primary care provider, ignored Plaintiff's numerous medical care requests. Two nurses allegedly told Plaintiff that Defendant Patel believed Plaintiff complained too much. However, Plaintiff does not allege facts supporting the suggestion Defendant Patel actually received the requests for medical care. As discussed below, Plaintiff also alleges that certain other Defendants refused to process those requests and his various grievances. Notwithstanding the nurses' comments, it is not clear from the allegations whether Defendant Patel was actually aware of Plaintiff's requests for medical care. Plaintiff also concludes that Patel

is responsible for denying rehabilitative therapy without supplying factual allegations demonstrating how he knows that to be true.

Plaintiff's conclusory allegations are not sufficient to state a congnizable claim against Defendant Patel. Iqbal, 129 S.Ct. at 1949-50. The Court will grant leave to amend. To state a claim Plaintiff must allege facts demonstrating that Defendant Patel knowingly disregarded a risk of harm to Plaintiff. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

### D.     First Amendment

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff alleges that (1) Defendants Acolla and Fernandez destroyed his inmate grievances and threatened that if he peristed "his time was going to go worst [sic] . . ."

11

(2) because (3) Plaintiff attempted to access the inmate grievance process. Plaintiff further alleges that the Defendants' conduct (4) chilled the exercise of his Frist Amendment rights and (5) did not reasonably advance a legitimate correctional goal.

Plaintiff has satisfied the third element of his retaliation claim; filing a grievance is a First Amendment protected activity. Valandingham, 866 F.2d at 1138. The Defendants allegedly destroyed Plaintiff's grievances and threatened him. "[T]he mere threat of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect." Brodheim, 584 F.3d at 1270. These allegations are sufficient to satisfy the first and fourth elements of Plaintiff's retaliation claim.

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim, 584 F.3d at 1271. A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)). The Complaint alleges that the Defendants acted for the purpose of discouraging Plaintiff's protected conduct.

The fifth prong requires a prisoner to allege that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. This is not a high burden to reach. See id. (prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry). Plaintiff alleges that Defendant Acolla and Fernandez's conduct advanced no legitimate penological goal. Thus, the Court finds that Plaintiff has satisfied the fifth and final element of his retaliation claim against Defendants Acolla and Fernandez.

## V. **CONCLUSION**

The Complaint states claims against Defendants Sandoval, Garza, Fernandez, Guzman, Sanchez, and Acolla for the violation of Plaintiff's Eighth Amendment rights and Defendants Acolla and Fernandez for the violation of Plaintiff's First Amendment

rights, but does not state a claim against the remaining Defendants. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on his cognizable claim, Plaintiff may so notify the Court in writing, and the Court will dismiss his other claims. Plaintiff will then be provided with a summons and USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendants Sandoval, Garza, Fernandez, Guzman, Sanchez, and Acolla.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 677-78. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within thirty (30) days, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, OR

    b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only on his cognizable claims; and

  3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:  December 30, 2013   /s/ *Michael J. Seng*
                UNITED STATES MAGISTRATE JUDGE